[*Special Term, April*, 1870.]

## W. THOMAS v. D. H. SHAW.

In March, 1869, defendant was discharged in bankruptcy from all debts existing on the 17th of September, 1868. Subsequently, defendant received, by devise from his wife, land, upon which the plaintiff, a judgment creditor of the bankrupt, levied an execution, claiming that it was the property of the defendant before the bankruptcy, and had been fraudulently conveyed to his wife; but the defendant moved to set aside the levy.

*Held*, that *prima facie*, the plaintiff had no right, and the motion must be granted.

*J. G. & H. Douglas*, for plaintiff.

*F. W. Moore*, contra.

HAGANS, J.   This was a motion to set aside a levy.  · The plaintiff was the owner of a judgment obtained against the defendant in October, 1866.   In March, 1869, defendant was discharged in bankruptcy from all debts existing on the 17th of September, 1868.   Subsequently, the defendant's wife devised to him a piece of property in this county, upon which plaintiff levied an execution six days after defendant's discharge in bankruptcy.

The plaintiff averred that this property belonged to the defendant at the time the debt was incurred; that it was fraudulently transferred to defendant's wife, and that the process by which it reached the defendant was fraudulent and void, and therefore he had a right to subject it to the payment of his debt.   The defendant claimed the discharge  · was regular.

The court held the issue was one which ought not to be tried on a motion.   The plaintiff was prosecuting his claim and had made a levy.   *Prima facie*, the defendant was entitled to have the motion granted.   3 Barb. 360; 1 Id. 273, 347.

To entitle the plaintiff to prosecute his remedy, it was not sufficient that he should content himself with a levy of his execution, when the judgment had been satisfied, for aught that appeared of record; by the discharge in bankruptcy.

Motion granted.